UNITED STATES of America

v.

**Thomas Nathaniel SHORT and Casey Donszell Green.**

**Crim. No. 91–0500 (JHG).**

United States District Court, District of Columbia.

Nov. 5, 1991.

Asst. U.S. Atty. Michael Volkov, Washington, D.C., for U.S.

James L. Lyons, Kellogg, Williams & Lyons, Washington, D.C., for Green.

## MEMORANDUM OPINION

JOYCE HENS GREEN, District Judge.

Presently pending is defendant Casey Donszell Green's ("Green") motion to dismiss the indictment without prejudice based on the government's failure to reveal allegedly exculpatory evidence to the grand jury. For the following reasons, Green's motion is granted.

## I. BACKGROUND

On August 27, 1991, the grand jury returned a one-count indictment against the defendants for possession of cocaine base, also known as crack, with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). The indictment was based on the August 1, 1991 seizure of approximately 9.6 grams of crack found under the floor mat on the driver's side of an automobile that co-defendant Thomas Nathaniel Short ("Short") was driving and in which Green was a passenger.

During the processing of the defendants at the Sixth District following their arrest, co-defendant Short gave a signed statement to the police in which he acknowledged that the cocaine base found in the car was his and that he had bought the substance in Barry Farms, S.E., Washington, D.C. Short also stated that the crack did not "belong to" defendant Green. *See* Exhibit A to Defendant Green's Motion to Dismiss Indictment Without Prejudice ("Def. Motion"), at 1. Specifically, in response to the question, "Do the narcotics belong to the passenger who was with you?" Short stated, "No." Exhibit A, at 1.[1]

During the presentation of the case to the grand jury, the Assistant United States Attorney asked the government witness, Officer Raymond S. Chairs, whether "anyone [made] any statements." Officer Chairs responded, "Yes, ma'am, Mr. Short." In response to the government's next inquiry, "And what did he say?" Officer Chairs indicated that Short "gave a statement to the vice officer, Officer Dunstan, at which time, he admitted that he knew drugs were in the vehicle when the vehicle pulled off; and that they were, in fact, his drugs." Grand Jury Transcript, Exhibit B to Def. Motion, at 5. With that response, the government concluded its examination of Officer Chairs. Whether inadvertently or intentionally, the government failed entirely to elicit testimony before the grand jury concerning that portion of Short's statement in which he had said that the crack did not "belong to" Green.

## II. DISCUSSION

In his motion to dismiss, Green argues that the prosecution has a duty to present "substantial" exculpatory evidence to the grand jury, that the government failed to present such evidence, and that the failure to present the material substantially prejudiced Green. The government argues, in contrast, that even if the Court finds a duty on the part of the government to disclose "substantial exculpatory evidence," the evidence to which Green points

1. Short also identified the "passenger" to whom the officer referred as Green. Exhibit A, at 2.

does not "substantially" exculpate the defendant. The Court cannot accept the government's position.

■ There are two views concerning the duty of a prosecutor to present exculpatory evidence to a grand jury. Some courts have held that the government need not disclose such information. *See United States v. Adamo*, 742 F.2d 927 (6th Cir. 1984), *cert. denied*, 469 U.S. 1193, 105 S.Ct. 971, 83 L.Ed.2d 975 (1985); *United States v. Sears Roebuck & Co.*, 719 F.2d 1386 (9th Cir.1983), *cert. denied*, 465 U.S. 1079, 104 S.Ct. 1441, 79 L.Ed.2d 762 (1984). These courts have reasoned that exculpatory evidence need not be presented because "[t]he grand jury does not weigh the guilt or innocence of the accused but acts only to make a preliminary determination whether there is probable cause to believe him guilty of a crime." *Sears*, 719 F.2d at 1394. Other courts have held that although the government need not present all conceivably exculpatory evidence to the grand jury, it must present evidence that clearly negates guilt. *See United States v. Williams*, 899 F.2d 898 (10th Cir.1990), *cert. granted*, — U.S. —, 112 S.Ct. 294, 116 L.Ed.2d 239 (1991); *United States v. Flomenhoft*, 714 F.2d 708 (7th Cir.1983), *cert. denied*, 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984); *United States v. Ciambrone*, 601 F.2d 616 (2d Cir.1979); *United States v. Recognition Equipment, Inc.*, 711 F.Supp. 1 (D.D.C.1989); *United States v. Phillips Petroleum Co.*, 435 F.Supp. 610 (N.D.Okla.1977).

Although the Court of Appeals for this Circuit has not yet decided the issue, the decisions of the Tenth, Seventh, and Second Circuits follow the sounder rule. While "the prosecutor is not obliged to ferret out and present every bit of potentially exculpatory evidence,"[2] this Court agrees with those jurisdictions that have held that "the prosecution may [not] hide evidence that clearly negates guilt from the grand jury." *United States v. Recognition Equipment, Inc.*, 711 F.Supp. 1, 12 (D.D.C.1989). Such a requirement "promotes judicial economy because 'if a fully informed grand jury cannot find probable cause to indict, there is little chance the prosecution could have proved guilt beyond a reasonable doubt to a fully informed petit jury.'" *Williams*, 899 F.2d at 900 (citing *United States v. Page*, 808 F.2d 723 at 728 (1987)).

■ It is clear that the government withheld "substantial" exculpatory evidence from the grand jury. The government failed to present that portion of Short's statement in which he accepted total responsibility for the alleged drug transaction and indicated to the officer that the crack did not "belong to" Green. Such a statement is clearly relevant to a determination of Green's guilt.[3] And although the Court recognizes that the burden of proof at trial is obviously greater than the probable cause finding by the grand jury, the government's presentation to the grand jury surely must be based upon the essential elements of the offense.

■ Having concluded that the government withheld substantial exculpatory material from the grand jury, the Court must next consider whether Green was prejudiced by the government's failure to disclose such information. Specifically, the Court must determine "whether any violations had an effect on the grand jury's decision to indict. If violations did substantially influence this decision, or if there is grave doubt that the decision to indict was free from such substantial influence, the violations cannot be deemed harmless." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 108 S.Ct. 2369, 2378, 101 L.Ed.2d 228 (1988).

2. *United States v. Page*, 808 F.2d 723, 728 (10th Cir.), *cert. denied*, 482 U.S. 918, 107 S.Ct. 3195, 96 L.Ed.2d 683 (1987).

3. The defendant urges the Court to consider as "substantial" exculpatory evidence Short's complete statement to the police, testimony that the crack was found under the floor mat on the driver's side of the car, and testimony that no money of any denomination was recovered from Short. Because the Court finds that Short's statement to the police is substantial exculpatory material, it need not decide whether testimony that crack was found on the driver's side of the car or that no money was found on Green is clearly exculpatory.

Applying these principles, it is apparent that the failure of the prosecution to present Short's complete statement to the grand jury could certainly have had a " 'substantial influence' on the indictment." *Williams,* 899 F.2d at 904 (citations omitted). The Court cannot conclude with fair assurance that had the exculpatory evidence been presented, the grand jury would still have indicted Green. First, Officer Chairs had testified before the grand jury that the actions he observed at 58th and Blaine Streets constituted a "possible narcotics deal," not a probable drug transaction. Exhibit B, at 4. Moreover, the crack was allegedly found under the floor mat on the driver's side of the car. Finally, no money was recovered from Green.

Thus, while the government may elect to present Short's complete statement to the grand jury for another determination of probable cause as to Green, the Court cannot allow the present indictment to stand.

### III. CONCLUSION

Accordingly, for the reasons expressed above, it is hereby

ORDERED that defendant Green's motion to dismiss the indictment without prejudice is granted.

IT IS SO ORDERED.